J-S24045-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SYLVESTER ELLIS, | : | |
| | : | |
| Appellant | : | No. 2859 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009966-2016

BEFORE:  BENDER, P.J.E., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED: DECEMBER 29, 2020**

Sylvester Ellis (Appellant) appeals from the judgment of sentence entered following a non-jury trial where he was convicted of aggravated assault, simple assault, recklessly endangering another person (REAP), possession of an instrument of crime (PIC), person not to possess a firearm, carrying a firearm without a license, and carrying a firearm on a public street of Philadelphia. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We provide the following background. In October 2016, Appellant was dating Rita Hill. On October 9, 2016, Hill's ex-boyfriend, Phineas Jordan, drove to visit her at her home. While Jordan was walking toward Hill's

_____
* Retired Senior Judge assigned to the Superior Court.

house, he saw Appellant drive by in Hill's car. Appellant returned a short time later while Jordan and Hill were conversing outside. Appellant walked toward Jordan and Hill, stopping approximately 10 feet away, and said to Hill, "Let's go." N.T., 4/6/2018, at 24. Jordan said that he wanted to talk to Hill, and Appellant replied, "She's no longer your business." *Id.* At that point, Appellant pulled a hooded mask up from around his neck to cover his mouth and nose, put on clear latex gloves, and pulled a .45-caliber Colt handgun from his pocket. Appellant approached Jordan, but Hill stepped in between them. Appellant told Hill to move out of the way. Hill did not move, so Appellant reached over Hill to strike Jordan in the head with the barrel of the firearm three times, causing Jordan to fall.

While Jordan was on the ground, Appellant leaned over him and aimed the firearm at Jordan's stomach. Jordan grabbed the barrel of the firearm. As Appellant and Jordan struggled over the firearm, it misfired, but the shot did not strike anyone. Jordan and Appellant proceeded to struggle over the firearm for several minutes. Hill's mother, who was inside Hill's house, called 911 to report the gunshot. As police officers arrived at the scene, Appellant let go of the firearm, pulled the mask down around his neck again, and dropped his latex gloves onto the street.

Officers Joseph Cosgrove and Paul Montoya observed Appellant backing away from Jordan as Jordan held the firearm by its barrel. The officers commanded Jordan to drop the firearm, and Jordan complied. Jordan

- 2 -

was bleeding from his head and was visibly scared. Appellant was placed under arrest and taken into custody. Police recovered the firearm and latex gloves. Based on the foregoing, Appellant was charged with the aforementioned crimes, plus one count of receiving stolen property and one count of altering or obliterating marks of identification on a firearm.

On April 6, 2018, Appellant proceeded to a non-jury trial where the above facts were developed. Appellant testified on his own behalf, admitting that he fought with Jordan, but stating that the firearm belonged to Jordan, and Jordan shoved, punched, and pointed the firearm at Appellant. He stated that he put on clear latex gloves before approaching Jordan "just in case [Appellant and Jordan were] going to start fighting." N.T., 4/6/2018, at 106. On cross-examination, Appellant was confronted with statements he made during a phone call while incarcerated, wherein he said, "I pistol whipped this guy." *Id.* at 118-19. Appellant acknowledged making the statement, but denied hitting Jordan with the firearm. *Id.* The trial court found Appellant guilty as indicated above.[1]

On August 24, 2018, the trial court sentenced Appellant to consecutive terms of incarceration of five to ten years for person not to possess a firearm and one to four years for aggravated assault. No further penalty was

---

[1] With regard to the two additional counts, the Commonwealth moved to *nolle prosse* the receiving stolen property charge and the trial court found Appellant not guilty of altering or obliterating marks of identification on a firearm.

imposed for the remaining convictions. On August 30, 2018, Appellant filed a post-sentence motion for a new trial and motion for reconsideration of his sentence. The trial court denied his motions by order filed September 7, 2018. Appellant's trial counsel filed a motion to withdraw as counsel, which the trial court granted on September 14, 2018.

Appellant *pro se* timely filed the instant notice of appeal. On September 27, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Before responding to the trial court's order, Appellant requested the appointment of appellate counsel. The trial court granted Appellant's request and appointed counsel on October 18, 2018. On March 26, 2019, in lieu of a concise statement of errors, Appellant's counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). On April 3, 2019, the trial court filed an opinion, but did not address the merits of any potential claims in light of counsel's intent to file an **Anders** brief. Trial Court Opinion, 4/3/2019, at 2.

Appellant's counsel filed an **Anders** brief and petition to withdraw in this Court. Appellant *pro se* filed a response, which he amended twice with leave of this Court.[2] Appellant also filed a Rule 1925(b) concise statement with leave of this Court, and the trial court issued a supplemental opinion.

_____

[2] Appellant *pro se* filed multiple applications for relief in this Court. On June 18, 2019, this Court entered an order remanding to the trial court to allow
*(Footnote Continued Next Page)*

Because counsel filed an ***Anders*** brief and an application to withdraw, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our

_(Footnote Continued)_ ————————————

Appellant to file *pro se* a Rule 1925(b) statement and for the trial court to file a supplemental Rule 1925(a) opinion in response to that statement. On August 1, 2019, the trial court filed a supplemental opinion stating Appellant had failed to file timely a Rule 1925(b) statement. Appellant *pro se* filed a Rule 1925(b) statement four days later. On September 30, 2019, this Court remanded to the trial court to file a supplemental opinion addressing the merits of the claims raised in Appellant's untimely-filed Rule 1925(b) statement. The trial court filed a second supplemental opinion on December 30, 2019.

In the meantime, Appellant filed multiple motions for relief in this Court. On December 3, 2019, this Court granted Appellant 30 days from the trial court's filing of its second supplemental opinion to respond. On January 2, 2019, Appellant filed *pro se* a response to counsel's ***Anders*** brief. Nonetheless, throughout December of 2019 and January of 2020, Appellant continued to file multiple applications for relief, which this Court denied on January 17, 2020. Appellant filed further applications for relief in late March and April of 2020. On April 21, 2020, this Court accepted Appellant's filed responses and denied Appellant's applications for relief.

own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm …. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations and unnecessary capitalization omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure as follows.

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has complied substantially with the technical requirements set forth above. Generally, when counsel files an ***Anders*** brief, this Court must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). However, because Appellant filed *pro se* responses to the ***Anders*** brief, our independent review is limited to those issues raised in the ***Anders*** brief. ***Commonwealth v. Bennett***, 124 A.3d 327, 333 (Pa. Super. 2015). "We

then review the subsequent *pro se* [] filing as we do any advocate's brief."

*Id.*

Thus, we begin our review with the **Anders** brief. We summarize the issues presented as follows.

(1) Whether the trial court erred in admitting the prison call into evidence.

(2) Whether the Commonwealth's closing argument constituted prosecutorial misconduct.

(3) Whether Appellant's sentence was excessive and the trial court failed to consider mitigating factors.

(4) Whether the evidence was sufficient to sustain Appellant's convictions for PIC, person not to possess a firearm, carrying a firearm without a license, and carrying a firearm on a public street of Philadelphia.

(5) Whether the evidence was sufficient to sustain Appellant's conviction  of aggravated assault when he was acting in self-defense.

(6) Whether the verdicts were against the weight of the evidence.

*See Anders* Brief at 17-28.

Counsel's first claim addresses the admission of the prison calls into evidence at trial. *Id.* at 25. "The trial court has discretion over the admissibility of evidence, and we will not disturb such rulings on appeal absent evidence the court abused its discretion." *Commonwealth v. Akhmedov*, 216 A.3d 307, 316 (Pa. Super. 2019). To preserve an evidentiary issue for appellate review, an appellant must timely object at trial. Pa.R.E. 103(a)(1)(B).

At trial, Appellant's counsel stipulated to the transcriptions of the calls and did not object to the Commonwealth's moving the transcripts into evidence. N.T., 4/6/2018, at 96-98. Thus, Appellant has waived any challenge to their admission by failing to object. *See **Commonwealth v. Duffy***, 832 A.2d 1132, 1136 (Pa. Super. 2003) (stating that a party must make a timely and specific objection to preserve an issue for appellate review). Where an issue has been waived, pursuing the matter on direct appeal is frivolous under ***Anders***. ***Commonwealth v. Kalichak***, 943 A.3d 285, 291 (Pa. Super. 2008). Accordingly, we agree with counsel that issue one is frivolous.

Counsel's second claim of arguable merit alleges that the Commonwealth attacked Appellant's credibility during its closing argument and, in so doing, engaged in prosecutorial misconduct. ***Anders*** Brief at 26. "In reviewing claims of improper prosecutorial comments, our standard of review is whether the trial court abused its discretion." ***Commonwealth v. Jones***, 181 A.3d 830, 835 (Pa. Super. 2018). In a non-jury trial, "it is presumed that a trial court, sitting as fact-finder, can and will disregard prejudicial evidence." ***Commonwealth v. Fears***, 86 A.3d 795, 819 (Pa. 2014) (citation omitted).

In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must timely object at trial and request a remedy. *See **Commonwealth v. Jones***, 191 A.3d 830, 836 (Pa. Super. 2018) (finding

waiver where a defendant objected to the prosecutor's statements at trial, but failed to request a remedy such as mistrial or a curative instruction). Appellant did neither. **See** N.T., 4/6/2018, at 129-33. As discussed *supra*, pursuing a waived claim is frivolous under **Anders**. **See Kalichak**, 943 A.3d at 291. Accordingly, we agree with counsel that Appellant's claim of prosecutorial misconduct is frivolous.[3]

Next, we consider the claim that the trial court imposed an excessive sentence and failed to consider mitigating factors in imposing Appellant's sentence. **Anders** Brief at 27. Because this issue involves a challenge to the discretionary aspects of Appellant's sentence, we bear in mind the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether an appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

---

[3] We note that even if not waived, a review of the record belies this claim. The Commonwealth does not discuss Appellant's credibility; indeed, it is the trial court that stated it found Appellant's "version of events entirely incredible." N.T., 4/6/2018, at 133.

*Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074-75 (Pa. Super. 2019) (quoting *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)).

Here, Appellant has satisfied the first three requirements and raised a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) ("This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). Accordingly, we may reach the merits of this claim, mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). When a sentence is within the sentencing guidelines, we will disturb the trial court's sentence only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781.

Preliminarily, Appellant's sentences for both person not to possess a firearm and aggravated assault were in the mitigated range of the sentencing guidelines. N.T., 8/24/2018, at 5-6. Moreover, in placing its reasons for imposing Appellant's sentence on the record, the trial court

specifically took into consideration Appellant's family support, his veteran status, his cooperation with the prosecution in another matter, and his waiver of a jury trial. N.T., 8/24/2018, 29-32. Finally, in imposing Appellant's sentence, the trial court had the benefit of a presentence investigation report (PSI). Where the trial court has a PSI report, "we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citation omitted). Because the trial court did not fail to consider mitigating factors in fashioning Appellant's mitigated-range sentences, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous.

Counsel's fourth and fifth claims challenge the sufficiency of the evidence supporting Appellant's firearm-related and aggravated assault convictions. When reviewing a challenge to the sufficiency of the evidence,

> we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence and substitute our judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno**, [14 A.3d] at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011). "When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence." *Commonwealth v. Carr*, 227 A.3d 11, 19 (Pa. Super. 2020).

The first sufficiency claim contends that the Commonwealth did not prove Appellant possessed, carried, or used the firearm recovered at the scene, thereby rendering his firearm-related convictions infirm.[4] *Anders* Brief at 17. To prove Appellant's possession, the Commonwealth called Jordan, who testified that Appellant had a firearm in his pocket when he approached Jordan, took the firearm out of his pocket and struck Jordan's head with it, and pointed the firearm at Jordan. N.T., 4/6/2018, at 25-27. The trial court credited Jordan's testimony. *Id.* at 133. In addition, photographs of Jordan's injuries and a phone-call transcript of Appellant saying, "I pistol whipped the guy," were admitted into evidence. *Id.* at 35, 97-98, 117-18.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, there was sufficient evidence to prove Appellant possessed and carried the firearm to support his firearm-related convictions.

_____

[4] *See* 18 Pa.C.S. § 6105(a)(1) (requiring proof that defendant "possess[ed], use[d], or control[led]" a firearm); 18 Pa.C.S. § 6106(a)(1) (requiring proof that defendant carried a firearm "concealed on or about his person, except in his place of abode or fixed place of business"); 18 Pa.C.S. § 6108 (requiring proof that defendant carried a firearm on a public street); 18 Pa.C.S. § 907(a) (requiring proof that defendant "possesse[d] any instrument of crime with intent to employ it criminally").

*See Commonwealth v. Robinson*, 817 A.2d 1153, 1161-62 (Pa. Super. 2003) (holding that eyewitness testimony alone is sufficient to establish possession in firearms convictions). Accordingly, we agree with counsel that this claim is frivolous.

Next, we address the claim that the evidence was insufficient to prove aggravated assault because the Commonwealth failed to disprove Appellant's claim of self-defense.[5] "If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt." *Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011).

> "The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety."

*Commonwealth v. McClendon*, 874 A.2d 1223, 1230 (Pa. Super. 2005) (internal quotation marks and citation omitted).

The trial court found Jordan's testimony that Appellant initiated the altercation credible. N.T., 4/6/2018, at 25, 133. Contrary to Appellant's version of events, Jordan testified it was Hill, not Appellant, who attempted to prevent an altercation, and when Hill tried to block Appellant from

---

[5] Appellant was convicted of aggravated assault under subsection (a)(4), wherein the Commonwealth had to prove that Appellant "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to another with a deadly weapon." 18 Pa.C.S. § 2702(a)(4).

approaching Jordan, Appellant told her to move out of the way and reached over her head to strike Jordan. *Id.* at 25-26. Appellant testified that prior to walking over to Jordan and Hill, he put on gloves so that he would not be exposed to blood "just in case we was going to start fighting." *Id.* at 106. Viewed in the light most favorable to the Commonwealth, there was sufficient evidence establishing that Appellant provoked the fight. Therefore, the Commonwealth met its burden of disproving Appellant's self-defense claim. Based on the foregoing, we agree with counsel that Appellant's claim is frivolous.

The final claim raised by counsel asserts that the verdicts were against the weight of the evidence. *Anders* Brief at 22-23. Because all of Appellant's convictions were predicated on the Commonwealth's evidence that Appellant instigated the altercation by using the firearm, this claim challenges each verdict based on the argument that such evidence was contradictory, vague, and convoluted. *Id.* Our standard of review when examining a challenge to the weight of the evidence is as follows.

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ... [T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard

of review applied by the trial court[.] Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Weir***, 201 A.3d 163, 168 (Pa. Super. 2018) (citations omitted).

Specifically, counsel presents the argument that the trial court abused its discretion in crediting Jordan's testimony over that of Appellant. ***Anders*** Brief at 24-25. Here, the trial court found that "[t]he evidence presented at trial established beyond a reasonable doubt that [A]ppellant physically confronted [Jordan] because he was upset that [Jordan] had been speaking with []Hill." Trial Court Opinion, 12/30/2019, at 8. "[A]ppellant had a concealed gun in his pocket when he initially approached [Jordan]. Appellant's subsequent actions clearly demonstrated his intention to use that gun criminally. ... Appellant put on a mask, pulled out his gun and then pistol whipped [Jordan]." ***Id.*** at 10. Based on its finding that "the testimony of [Jordan] and [the] police [was] credible and ... corroborated by [A]ppellant's inculpatory statement," ***id.*** at 8, the trial court "rejected [A]ppellant's assertion that [Jordan] was the person that actually possessed the gun during the altercation." ***Id.*** at 11. Thus, the trial court determined that Appellant's weight claim has no merit. ***Id.*** at 7; ***See Commonwealth v. Matthews***, 2020 WL 7047114 (Pa. Super. 2020) (unpublished memorandum) (Strassburger, J. concurring) ("[I]t would be highly

incongruous for a trial judge presiding over a non-jury trial to find her own decision shocks her conscience.").

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. ... [I]t is well settled that the Court cannot substitute its judgment for that of the trier of fact.

*Commonwealth. v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citations omitted).

Appellant's claim asks this Court to reweigh the evidence in Appellant's favor, substituting our judgment for that of the trial court. Although Appellant's testimony contradicted much of the Commonwealth's evidence, *see* N.T., 4/6/2018, at 113, the Commonwealth's evidence was not unreliable. Indeed, as the trial court observed, the evidence that Appellant pistol-whipped Jordan was corroborated by Appellant's statement on a recorded phone call. *Id.* at 117; Trial Court Opinion, 12/30/2019, at 8. As such, we will not disturb the trial court's credibility determinations. Accordingly, we agree with counsel that the claim that the trial court abused its discretion in denying Appellant's weight-of-the-evidence motion is wholly frivolous.

Our review of the claims presented by counsel has revealed no non-frivolous issues. As a result, we turn now to the remaining arguments Appellant puts forth in his *pro se* filings. *See Bennett*, 124 A.3d at 333. In

his responses, Appellant presents additional arguments in support of the sufficiency-of-the-evidence claims based on lack of possession of the firearm and self-defense, which counsel raised in his **Anders** brief and we have discussed in detail, *supra*. Upon review of Appellant's additional arguments, we still agree with counsel that these claims are frivolous. Accordingly, we turn our review to the new issues Appellant has raised.

Appellant presents the following new issues in his reply to counsel's **Anders** brief.

1. Whether the evidence is insufficient as a matter of law to find [A]ppellant guilty of aggravated assault (F2), [PIC] (M1), and [REAP] (M2)?[6]

2. Whether the trial [c]ourt erred by convicting [A]ppellant of aggravated assault (F2), when the Commonwealth solely prosecuted [A]ppellant on aggravated assault (F1)?

3. Whether the trial [c]ourt erred by convicting [A]ppellant of lesser included offenses which should have merged into higher offenses?

4. Whether defense counsel['s] representation constitutes ineffective[] assistance of counsel under exceptional circumstances?

Appellant's Amended Reply to Counsel's **Anders** Brief, 3/17/2020, at 2-3 (redundant claims omitted and numbering altered).[7]

_____

[6] Appellant puts forth new bases in support of these claims.

[7] In his April 6, 2020 filing, Appellant also claims that "the trial court erred by misinterpreting" the phone call Appellant made while in prison. Appellant's Response to Trial Court Opinion, 4/6/2020, at 12. Appellant has

*(Footnote Continued Next Page)*

We turn first to Appellant's new sufficiency claims. First, Appellant contends that the firearm was not a deadly weapon, and, as such, the evidence was insufficient to sustain his aggravated assault conviction because the Commonwealth had to prove he caused Jordan's injuries with a deadly weapon. Appellant's Response to Trial Court Opinion, 4/6/2020, at 5. Because deadly weapons include "any firearm, whether loaded or unloaded[,]" 18 Pa.C.S. § 2301, and the .45-caliber Colt handgun was unquestionably a firearm, Appellant's argument is without merit.

Second, Appellant contends that, even if this Court accepts the trial court's finding that Appellant hit Jordan with the firearm, there was insufficient evidence to show he was acting with the requisite intent to prove aggravated assault. *Id.* at 5-6. Specifically, he argues he did not intend to cause bodily injury and that evidence failed to show "the blows were of [a] vicious[] nature." Appellant's Amended Reply to Counsel's *Anders* Brief, 3/17/2020, at 16. At trial, Jordan testified that Appellant hit him three times with a full swinging motion of Appellant's arm, striking Jordan's head with the barrel of the firearm. N.T., 4/6/2018, at 27. Photographs admitted at trial showed Jordan's head injuries, and Officer Montoya testified Jordan was bleeding from the head when he arrived on scene. *Id.* at 35, 78. Moreover, Jordan testified that after Appellant hit him, Appellant aimed a loaded

*(Footnote Continued)* ───────────────

not demonstrated how this is a legally cognizable claim. Accordingly, it is wholly frivolous.

firearm at Jordan's stomach. *Id.* at 29. Therefore, when viewed in the light most favorable to the Commonwealth, the Commonwealth presented sufficient evidence to show Appellant intended to cause Jordan bodily injury.

Appellant challenges his PIC conviction in his final sufficiency claim. Appellant argues that, even if the evidence were sufficient to show he possessed the firearm, the Commonwealth failed to prove that the firearm was an instrument of crime. Appellant's Amended Reply to Counsel's **Anders** Brief, 3/17/2020, at 17. An "instrument of crime" is "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2). The evidence that established Appellant possessed the firearm—namely, that Appellant used the firearm to strike Jordan—also demonstrated that the firearm was being used as an instrument of crime. **See** N.T., 4/6/2019, at 25-36, 35, 106. Accordingly, the claim that there was insufficient evidence to convict Appellant of PIC is wholly frivolous.

Appellant next argues that his sentence for aggravated assault, graded as a second-degree felony, is illegal because he was charged only with aggravated assault as a first-degree felony. Appellant's Amended Reply to Counsel's **Anders** Brief, 3/17/2020, at 32. Appellant raises this claim for the first time on appeal, but he argues that his claim is non-waivable because it implicates the legality of his sentence or, in the alternative, the subject matter jurisdiction of the trial court. *Id.* at 19, 32.

First, we address Appellant's argument that he has raised a legality-of-sentence issue. Appellant's claim challenges his underlying conviction, not his subsequent sentence, and, as such, it does not implicate the legality of his sentence. ***See Commonwealth v. Spruill***, 80 A.3d 453, 460-63 (Pa. 2013) (holding that appellant's challenge to her conviction for aggravated assault graded as a second-degree felony on the basis that she was charged only with aggravated assault graded as a first-degree felony was not a non-waivable illegality-of-sentencing claim).

Alternatively, Appellant frames this claim as implicating the subject matter jurisdiction of the trial court, which is a non-waivable claim. Appellant's Amended Reply to Counsel's ***Anders*** Brief, 3/17/2020, at 32; ***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007). Specifically, Appellant contends that he had no notice of the second-degree felony charge. Appellant's Amended Reply to Counsel's ***Anders*** Brief, 3/17/2020, at 18-20, 32-33. Formal notice is given when "the Commonwealth confront[s] the defendant with formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him[.]" ***Commonwealth v. Little***, 314 A.2d 260, 273-74 (Pa. 1974). "Failure to include the specific acts constituting an offense is a procedural requirement that does not divest a trial court of subject-matter jurisdiction." ***Jones***, 929 A.2d at 212.

Initially, we note that the information filed in this case designated that the Commonwealth was charging Appellant with aggravated assault as a felony of the first degree, but it listed the elements of aggravated assault as a felony of the second degree. Information, 11/2/2016, at 1; 18 Pa.C.S. § 2701. In addition, the following exchange took place at the conclusion of Appellant's trial.

> THE COURT: Let me ask you a question about something that maybe I'm a little confused about, and I want to ask both counsel about this. There's an aggravated assault charge here, an F-1 aggravated assault charge. I assume that-- and tell me if I'm incorrect[--] that the F-1 aggravated assault comes from the discharge of the weapon.
>
> [COMMONWEALTH]: That would be the Commonwealth's position, Your Honor.
>
> [DEFENSE COUNSEL]: That's my understanding.
>
> THE COURT: That's my understanding also. Suppose the evidence leaves a reasonable doubt in this fact finder's mind about exactly during the course of this struggle how the gun got discharged, and suppose there's a reasonable doubt in my mind about whether or not the gun, regardless of the fact that I find it was in [Appellant's] hands, [], suppose I can find or I don't find beyond a reasonable doubt that during the struggle he intentionally pulled the trigger to have the gun fire, what are the legal consequences of that with regard to the aggravated assault charge?
>
> [DEFENSE COUNSEL]: To be intellectually honest[], which I always am, it would lead to either simple and the VUFA or you can conclude that it's still an F-2...
>
> THE COURT: Right. The aggravated assault would then have to rest on the pistol whipping.

[DEFENSE COUNSEL]: That's if you believe he possessed the gun beyond a reasonable doubt.

N.T., 4/6/2018, at 128-29.

Appellant avers that prosecuting him on the second-degree felony charge "impos[ed] a new and unforeseeable burden upon [A]ppellant['s] defense." Appellant's Amended Reply to Counsel's **Anders** Brief, 3/17/2020, at 19. The record shows the opposite; the prospect of a lower-severity conviction was a defense strategy. Because the elements of aggravated assault as a felony of the second degree were listed on the information and Appellant had prepared a defense strategy in accordance with the charge, the trial court had subject matter jurisdiction to convict Appellant of aggravated assault as a felony of the second degree. **See Jones**, 929 A.2d at 212.

Based on the foregoing, we do not agree with Appellant that his claim challenging his conviction for aggravated assault graded as a felony of the second degree is non-waivable. Thus, we find he has waived it by failing to preserve it before the trial court. **See Kalichak**, 943 A.3d at 291 (holding that where an issue has been waived, pursuing the matter on direct appeal is frivolous under **Anders**). Accordingly, Appellant's claim is frivolous.

Next, Appellant claims that his convictions for simple assault and REAP should have merged for sentencing purposes with his conviction for aggravated assault. Appellant's Response to Trial Court Opinion, 4/6/2020,

at 7. Appellant received a sentence of "a determination of guilty without further penalty" for both his simple assault and REAP conviction. In its opinion, the trial court does not analyze whether Appellant's convictions should have merged because it erroneously concluded that the convictions were merged on the basis that no further penalty was imposed. Trial Court Opinion, 12/30/2019 at 14; *see Commonwealth v. Farrow*, 168 A.3d 207 (Pa. Super. 2017) (holding that "guilty without further penalty" is a sentence and, as such, convictions are not merged where such a sentence is imposed).[8]

We consider whether offenses merge for sentencing purposes based on section 9765 of the Sentencing Code.

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. The issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

---

[8] In *Commonwealth v. Hill*, our Supreme Court disapproved of some of our analysis in *Farrow*, however it did not address the question of whether a "determination of guilty without further penalty" constitutes punishment for purposes of a double jeopardy analysis. 238 A.3d 399, 410 (Pa. 2020).

*Commonwealth v. Pettersen*, 49 A.3d 903, 912 (Pa. Super. 2012) (quotations and citations omitted).

With regard to his REAP conviction, Appellant's claim fails both elements of section 9765's merger test. To prove aggravated assault, the Commonwealth had to show that Appellant "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to another." 18 Pa.C.S. § 2702(a)(4). REAP, by contrast, requires proof that another person was placed in danger of death or serious bodily injury. 18 Pa.C.S. § 2705. Thus, all of the elements of REAP are not included in the elements of aggravated assault. *See Commonwealth v. Cianci*, 130 A.3d 780, 782-83 (Pa. Super. 2015) (holding aggravated assault pursuant to section 2702(a)(1), requiring in pertinent part that a defendant attempts to cause or intentionally, knowingly, or recklessly causes serious bodily injury to another, does not merge with REAP because an individual could attempt to cause bodily injury without placing a person in actual danger or, conversely, could create an actual danger without attempting or intending to cause bodily injury). Moreover, Appellant's aggravated assault conviction was based on his act of striking Jordan with the firearm. N.T., 4/6/2018, at 129. However, his REAP conviction was based on the danger created by drawing and pointing a loaded firearm at Jordan during their altercation on a public street. Trial

Court Opinion, 12/30/2019, at 9-10. Accordingly, Appellant's convictions for REAP and aggravated assault do not merge for sentencing.

Appellant was also charged with simple assault for intentionally, knowingly, or recklessly causing Jordan bodily injury when he wrestled Jordan to the ground, stood over Jordan and pointed the firearm at Jordan, charged at Jordan, and bit Jordan's hand. *See Id.* at 30-32, 35-36, 106. Because these acts were not necessary to establish the bare elements of aggravated assault, Appellant's conviction for simple assault does not merge with aggravated assault for sentencing purposes. *See Pettersen*, 49 A.3d at 912. Accordingly, Appellant's merger claims are frivolous.

Appellant's final issue alleges that counsel was ineffective for failing to (1) inform Appellant of a plea offer, (2) object to his conviction for aggravated assault as a felony of the second degree, (3) investigate and interview material witnesses, and (4) object to evidence at trial. Appellant's Amended Reply to Counsel's *Anders* Brief, 3/17/2020, at 27-28. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal and must be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, except in limited circumstances not present here.[9] *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa.

---

[9] Specifically, this court has recognized three exceptions,

(i) extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the

*(Footnote Continued Next Page)*

2013). As such, Appellant's ineffectiveness claims are frivolous as raised on direct appeal.

Based on the foregoing, we agree with counsel that the claims Appellant wishes to raise are frivolous. Moreover, we have reviewed Appellant's responses to counsel's **Anders** brief and found that Appellant failed to raise a non-frivolous claim. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/20

---

*(Footnote Continued)* ———————

extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective[-]assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

**Commonwealth v. Rosenthal**, 233 A.3d 880, 887 (Pa. Super. 2020) (citations omitted).